# IN THE UNITED STAT9ES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN LAMAR BOWMAN,

    Petitioner,

v.                                               Civil Action No. 5:08cv157
                                                          (JUDGE STAMP)

WARDEN, FCI GILMER,

    Respondent.

## REPORT AND RECOMMENDATION

On October 16, 2008, the *pro se* petitioner, Shawn Bowman, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution in Glenville, West Virginia. In the petition, the petitioner challenges forfeiture of street time when his parole was revoked. On November, 21 2008, the respondent filed a Motion to Dismiss and a Response to the Show Cause Order. On November 24, 2008, a Roseboro Notice was issued. As of the date of the Report and Recommendation, the petitioner has not filed a reply.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

The petitioner was sentenced on July 24, 1992, by the Superior Court of the District

of Columbia to a prison term of 40-150 months for robbery. (Doc. 9-2, p. 2). On January 19, 2005, he was sentenced to a consecutive 6-month prison term for escape. (Doc. 9-2, p. 3). The petitioner was last paroled[1] on his sentence by the United States Parole Commission ("USPC")[2] on November 19, 2007, to remain under parole supervision through August 26, 2010. (Doc. 9-2, p.7).On February 1, 2008, the petitioner's supervision officer requested that the Commission issue a violator warrant for his arrest. (Doc. 9-2, pp. 4-5). The supervision officer reported that the petitioner had incurred a conviction for driving under the influence and had tested positive for the use of illegal drugs. (Id.) On February 22, 2008, the commission issued a violator warned for the petitioner, and he was arrested on March 26, 2008.(Doc. 9-2, pp. 13-14). On May 2, 2008, the commission proposed a disposition of the petitioner's case without a revocation hearing. (Doc. 9-2, pp. 17-20). On May 7, 2008, the petitioner accepted the proposed offer and agreed to the following decisions: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) continue to a presumptive reparole on July 23, 2009. (Doc. 9-2, p. 22).On May 16, 2008, the Commission issued a notice of action describing these decisions. (Doc. 9-2, pp. 23-25).

## II. CLAIMS OF PETITION

The petitioner charges that he must be granted credit for time spent on parole pursuant to the

---

[1] It would appear that the petitioner's original parole was revoked on September 24, 2006. See Doc. 9-2, p. 7).

[2] On August 5, 1998, the Commission obtained jurisdiction of D.C. Code offenders to grant and deny parole through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, D.C. Code §24-1231(a)("Revitalization Act."). See also Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir.1998). Effective August 5, 2000, the Commission was given the responsibility of supervising parolees and revoking parole. §11231(a)(2) of the Act codified at D.C. Code §24-131(a)(2).

2

Parole Credit Maintenance Amendment Act of 2008, which was pending at the time he filed this habeas action. Moreover, the petitioner alleges that this Act is to be applied retroactively. Accordingly, the petitioner seeks a "new decision" from this court crediting him for time spent on parole.

### III. RESPONDENT'S REPLY

The respondent acknowledges that a bill has been introduced in the D.C. Council that would retroactively restore street time credit to parolees who have had their paroles revoked. However, the respondent argues that the petitioner has produced no evidence that the bill has been enacted into law. Moreover, the respondent notes that as of the date of his response, the bill was still pending before the D.C. Council. The respondent argues further that even if the bill is passed by the Council, the Attorney General must concur in the Council's revision of any parole law for D.C. offenders and cites D.C. Code § 24-131(c) for that proposition. Accordingly, the respondent contends that the petitioner may not seek to enforce the provisions of the bill against the Parole Commission and require the Commission to restore his street time.

### IV. STANDARD OF REVIEW

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

## V. ANALYSIS

As noted by the respondent, pursuant to a 1932 District of Columbia ("D.C.") statute, a parolee is entitled to no credit on his sentence for the time spent under parole supervision. (Doc. 9, p. 2 Respondent's Memorandum) (citing D.C. Code § 24-206(a)). Therefore, whenever parole is revoked, the parolee's sentence is prolonged by the amount of street time that is lost. (Id.) (quoting Davis v. Moore, 772 A.2d 204 (D.C. 2001)).

However, the Good Time Credits Act ("GTCA") was enacted in 1987 and provided for credit toward the service of a sentence for time spent in custody or on parole. (Id. at 3) (citing D.C. Code § 24-431(a)). At that time, the D.C. Corporation Counsel interpreted the Act as effecting an implicit appeal of the 1932 statute. Id. Therefore, the D.C. Department of Correction implemented a regulation which allowed parole violators to retain credit for street time upon revocation of their parole. (Id.). Nonetheless, the Commission disagreed with Corporation Counsel's interpretation of the Act, and for those offenders who fell within its jurisdiction, it continued to deny street credit upon revocation of parole. ( Id..) (citing Davis v. Moore, 772 A.2d at 209-210). This led to a situation in which D.C. offenders confined in D.C. institutions would receive street time credit upon revocation, but such offenders in federal institutions would not receive such credit.

This disagreement, and the resulting disparity, was litigated in the Ninth Circuit and in the D.C. Circuit. (Id at 3). In Tyler v. United States, 929 F.2d 451 (9th Cir. 1991), the Ninth Circuit found that the Corporation Counsel had incorrectly interpreted the statute. However, the D.C. Department of Corrections did not change its regulations. (Id.).

This issue was then brought forth in Noble v. United States Parole Comm'n, 887 F.Supp 11 (D.D.C. 1995). In Noble, the D.C. Court of Appeals held that no repeal had been effected by the

4

enactment of the GTCA and that the rule mandating forfeiture of street time in § 24-206, remained in effect. (Id at 3-4 (quoting United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C. 1997), 711 A.2d 85 (D.C. 1998) (*en banc*)).

Accordingly, but for the petitioner's argument that a bill introduced in the D.C. Council would retroactively restore street credit time to parolees who have had their paroles revoked, the undersigned could conclude this report without further comment. However, in fact, a bill which is to be cited as the "Equitable Street Time Credit Amendment Act of 2008" has been passed and is due to take effect on or about May 22, 2009. Of significance, the Act provides as follows:

> (C)(1) Except as provided in paragraphs (2) and (3) of this subsection, a parolee shall receive credit toward completion of the sentence for all time served on parole.
>
>> (2) If a parolee is convicted of a crime committed during a period of parole, the Commission:
>>
>>> (A) Shall order that the parolee not receive credit for that period of parole if the crime is punishable by a term of imprisonment of more than one year; or
>>>
>>> (B) Shall order that the parolee not receive credit for that period of parole if the crime is punishable by a term of imprisonment of one year or less unless the Commission determines that such forfeiture of credit is not necessary to protect the public welfare.
>>
>> (3) If, during the period of parole, a parolee intentionally refuses or fails to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent of the Commission, the Commission may order that the parolee not receive credit for the period of time that the Commission determined that the parolee failed or refused to respond to such a request, order, summons, or warrant.

Despite the passage of this Act, the pending petition or writ of habeas corpus is due to be dismissed. While the petitioner maintained that the Act would be retroactive, it is clearly not.

5

Specifically, the enrolled act provides that "The provisions of subsection (c) of this action (quoted above) shall apply only to any period of parole that is being served on or after the effective date of the Equitable Act, and shall not apply to any period of parole that was revoked prior to the effective date of the Equitable Act".  Because the period of the petitioner's parole that was revoked occurred prior to the effect date of the Act, he cannot receive credit toward the completion of his sentence for the time he spent on parole.

## VI.  RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Doc.8) be **GRANTED** and  petitioner's §2241 petition be **DENIED** and **DISMISSED WITH  PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.  The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative

6

Procedures for Electronic Filing in the United States District Court.

DATED: May 11, 2009

                                             /s/ James E. Seibert
                                            JAMES E. SEIBERT
                                            UNITED STATES MAGISTRATE JUDGE