IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN LAMAR BOWMAN,

    Petitioner,

v.                                 Civil Action No. 5:08CV157
                                         (STAMP)
WARDEN, FCI GILMER,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On October 16, 2008, the petitioner, Shawn Lamar Bowman, appearing pro se,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter.

Magistrate Judge Seibert entered an order directing the respondent to show cause why the writ should not be granted. The respondent filed a combined response and motion to dismiss. The magistrate judge then issued a Roseboro notice informing the petitioner of his right to file a responsive pleading and alerting

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

the petitioner that failure to respond could result in the entry of an order of dismissal against him. The petitioner filed no response.

On May 11, 2009, the magistrate judge entered a report recommending that the respondent's motion to dismiss be granted and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of his report. To date, no objections have been filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

2

III. Discussion

While serving a prison sentence of 40 to 150 months for robbery and a consecutive six-month sentence for escape, the petitioner was released on parole. The petitioner's parole was revoked on May 7, 2008 or May 16, 2008.[2] In his § 2241 petition, the petitioner claims that the time he spent on parole must be credited against his sentence because the District of Columbia Council enacted a statute that would permit parolees whose paroles have been revoked to receive credit against their sentences for time spent on parole. According to the petitioner, the Parolee Credit Maintenance Act was enacted at the time he filed his petition and is applicable retroactively.

The magistrate judge found that a bill to be cited as the "Equitable Street Time Credit Amendment Act of 2008" was in fact enacted by the District of Columbia Council but that it was not due to become effective until on or about May 22, 2009, and that it was not to be applied retroactively. As enacted, the statute specifically states that the provisions permitting the award of credit toward completion of a sentence for all time served on

---

[2]On May 7, 2009, the petitioner accepted a proposed offer by the United State Parole Commission ("Commission") disposing of the revocation matter without hearing. By that agreement, the following decisions were made: (1) the petitioner's parole was revoked; (2) the petitioner would receive no credit for the time spent on parole; and (3) and the petitioner would continue to a presumptive re-parole on July, 23, 2009. On May 16, 2008, the Commission issued a notice of action on these decisions

3

parole "shall apply only to any period of parole that is being served on or after May___,[sic] 2009, and shall not apply to any period of parole that was revoked prior to May___,[sic] 2009." D.C. Code § 24-406 (West, Westlaw through June 1, 2009). Because the petitioner's parole was revoked in May 2008, and because the relevant parole provisions are not applicable retroactively, this Court concludes that the District of Columbia Code revisions upon which the petitioner relies do not apply to his case. Therefore, the petitioner has failed to state a claim upon which relief can be granted. Accordingly, the respondent's motion to dismiss must be granted, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

III. Conclusion

After reviewing the matters before it for clear error and finding none, this Court concludes that the magistrate judge's recommendation is proper. The magistrate judge's report and recommendation is hereby AFFIRMED AND ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss is GRANTED. The petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a

4

waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 18, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE